Topeka Flour Mills Co., Petitioner, *v.* District Court of Ponce, Respondent.

No. 516.   Argued May 24, 1926.—Decided June 24, 1926.

*Harry F. Besosa* for the petitioner.   *López de Tord & Zayas Pizarro* for the intervenor.

Mr. Justice Franco Soto delivered the opinion of the court.
This is a proceeding in certiorari for the review of an

order of the district court of April 21, 1926, which reads in part as follows:

"Considering the time elapsed, the fact that the complaint has been answered, that at the instance of the plaintiff various settings have been postponed, and that the case is ready for trial, this court, under sections 139 and 140 of the Code of Civil Procedure, refuses leave to file an amended complaint inasmuch as its granting would amount to an abuse of its discretion prejudicial to the rights of the defendant; therefore the court will not change the date set for the trial, the 24th of May next."

The petitioner's motion was made under section 139 of the Code of Civil Procedure, which reads in part as follows:

"Any pleading may be amended once by the party (as) of course, and without costs, at any time before answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended, and serving a copy on the adverse party, who may have ten days thereafter in which to answer or demur to the amended pleading."

The English text is clear in its terms. The Spanish version is what may lead to some ambiguity in its interpretation. The Spanish edition of the Compilation of 1911, page 864, calls attention to this by adding the following note to said section 139 (section 5123 of the Compilation):

"The English text reads: 'or after demurrer and before the trial of the issue of law thereon . . .' "

This court explained the exact meaning of the said section in the case of *Martínez* v. *Succession of Arocena*, 23 P.R.R. 344, saying:

"A careless examination of this provision of the code, as written in Spanish, might lead a party to believe that he had a right to amend as of course after answer filed, by reason of the somewhat ambiguous reference of the word *éstas,* which might be held to apply both to the words *contestación* or *excepciones previas.* Grammatically, however, the word *éstas* strictly applies to *excepciones previas,* and such a construction would also be the natural and logical one. A party may amend his complaint before answer or demurrer. He

may also amend his complaint after demurrer, but not after a decision on such demurrer. Until the matter is submitted to the court a complainant has control over his pleading. After an issue of law is submitted to the court the amendment must be by leave of court, which is almost invariably granted after the sustaining of a demurrer. But any doubt vanishes upon an examination of the English text, which is as follows:

" 'Any pleading may be amended once by the party (*as*) of course, and without costs, at any time before answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing, etc.' "

In the later case of *Porto Rico Railway, Light & Power Co.* v. *Luis Campillo,* 28 P.R.R. 928, it was held also that after the answer is filed the complaint may be amended only by leave of the court.

Furthermore, in the case of *Tingley* v. *Times Mirror,* 151 Cal. 1, the Supreme Court of California construed section 472 of the Code of Civil Procedure, which is similar to section 139 of our Code of Civil Procedure, as follows:

"The proper construction of that section is, that the right of plaintiff to amend his complaint as of course is extended only up to the time when the answer of defendant is filed, or if a demurrer is interposed by defendant only while the issue of law raised thereby is undetermined. If the defendant answers without demurring, or if his demurrer to the complaint is overruled, the right of plaintiff under the section to amend as of course is gone."

It seems clear that as an answer had been filed in this case, the question decided by the lower court was one of discretion and not of procedure, wherefore certiorari does not lie for its review. Further consideration of the matter is unnecessary because jurisprudence has established that only questions of procedure and jurisdiction may be reviewed by certiorari.

For all of the foregoing reasons the writ of certiorari should be discharged.